IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No.  04-cv-02148-LTB

THERESA FLORES,

        Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

        Defendant.
_____

ORDER
_____

This matter is before me on an Application for an Award of Reasonable Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, filed by Plaintiff, Theresa Flores, following my order reversing the Social Security Administration ("SSA") Commissioner's final decision that denied Plaintiff's application for disability insurance benefits.

I. BACKGROUND

Plaintiff sought judicial review with this court of the SSA Commissioner's final decision denying her application for disability insurance benefits.  After consideration of the parties' briefing and the administrative record, I entered an order on October 6, 2005, in which I reversed the SSA Commissioner's final decision and remanded the matter for further proceedings.  In that order I agreed with Plaintiff that the Administrative Law Judge (ALJ) erred when he evaluated the opinions of Plaintiff's treating physicians because his order failed to demonstrate reliance on the correct legal standard.  Judgment subsequently entered on October 17, 2005.  Plaintiff now seeks an award of attorney fees pursuant to the EAJA.

## II. LAW

The EAJA provides for an award of attorney fees to a prevailing party, other than the United States, in a civil action brought by or against the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). The substantial justification test is one of reasonableness in law and fact; a position is substantially justified if it is "justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). A "position can be justified even though it is not correct, and ... it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct ." *Id.* at 566, FN.2

The reasonableness test breaks down into three parts. The government bears the burden to show that: 1) there is a reasonable basis for the facts alleged; 2) there exists a reasonable basis in law for the theory it propounds; and 3) the facts alleged will reasonably support the legal theory advanced. *Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. §2412(d)(1)(B); *see also Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

"[T]he EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items." *Commissioner, Immigration & Naturalization Serv. v. Jean,* 496 U.S. 154, 161-62, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Thus, I must look at

the totality of circumstances to determine whether the government acted reasonably in taking a stance during the litigation. *Roanoke River Basin Ass'n v. Hudson,* 991 F.2d 132, 138 (4th Cir. 1993).

### III. ANALYSIS

In ruling on Plaintiff's appeal, I determined that the ALJ's order failed to demonstrate that he relied upon the correct legal standard when he evaluated the opinions of Plaintiff's treating physicians. Specifically, I first determined that the ALJ's order improperly articulated the applicable standard as "special significance" as opposed to "controlling weight." However, because the ALJ determined, with record support, that the opinions at issue were not well supported or consistent with the medical evidence, the controlling weight standard was inapplicable. Instead, I concluded that the ALJ was required to give the treating physician's opinions "deference" and, as such, needed to analyze the opinions in light of the factors set forth in *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) and 20 C.F.R. § 404.1527(d)(2). Because the ALJ's order did not discuss the deference standard, and the related factors, I found that it failed to reveal that the ALJ applied the appropriate legal standard mandating a remand for reconsideration. Plaintiff now contends that the SSA Commissioner's litigation position in the underlying appeal before me was not substantially justified, allowing for an award of attorney fees. I disagree.

In the underlying appeal, the Commissioner argued that the ALJ's considered the three treating physician opinions at great length and determined that they were entitled to no weight based on sufficient evidence in the record. The Commissioner now argues that the order further reveals that the ALJ did, in fact, consider the six factors, although he did not specifically set forth

the applicable legal test when applying them.  As a result, the Commissioner now maintains that because the ALJ's conclusions were reasonable in both law and fact, her position on appeal was substantially justified.

For the purposes of assessing a fee award under the EAJA, the Commissioner's position, when viewed under a totality of the circumstances, was reasonable.  I agree that there was ample evidence in the record to support the ALJ's comprehensive assessment of the treating physician's opinions.  The  reason for the remand was the order's lack of legal analysis necessary for me to ascertain whether the ALJ applied the correct legal standard by affording the treating physicians' opinions deference in the form of the relevant factors in  20 C.F.R. § 404.1527(d)(2).   Although I do not agree that this error "was, at most, an arguable deficiency in decision-writing," *see e.g. Benskin v. Bowen,* 830 F.2d 878, 883 (8th Cir. 1987), I do agree that the Commissioner's appellate position, although ultimately unsuccessful, had a reasonable basis in the facts alleged, the theory of law advanced, and the application of those facts to the law under the totality of circumstances. Therefore, I conclude that the Commissioner's appellate argument before me was substantially justified and, as such, bars an award of attorney fees under the EAJA.  *Compare with Gatson v. Bowen*, *supra,* 854 F.2d at 381 (SSA's position was unreasonable, and thus lacked substantial justification under the EAJA, when it argued an incorrect theory of law).

Accordingly, IT IS ORDERED that Plaintiff's Motion for EAJA Attorney Fees [#29] is DENIED.

Dated: February __8__, 2006, in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock

LEWIS T. BABCOCK, CHIEF JUDGE